# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CIVIL ACTION NO. 12-258-WOB-CJS**

**PATRICK SIMPSON, ET AL.**                                                             **PLAINTIFFS**

**v.**                                 **REPORT & RECOMMENDATION**

**UNITED STATES OF AMERICA**                                         **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint Instanter filed on April 1, 2014. (R. 48). On April 11, 2014, Defendant filed a Response, to which Plaintiffs did not file a Reply, and so Plaintiffs' Motion is ripe for consideration. For the reasons stated below, it will be recommended that the Motion be **denied.**

## Background

This is an action filed against the United States pursuant to the Federal Tort Claims Act (FTCA). The factual allegations underlying this case involve an automobile accident that occurred on June 7, 2011. (R. 15, at ¶ 6). Plaintiffs claim that Arthur Kitchens, an Internal Revenue Service employee, was operating the vehicle responsible for causing the accident. (*Id.* at ¶¶ 6, 8). Plaintiffs allege that they suffered injury as a result of the automobile accident. (*Id.* at ¶ 9).

Prior to initiating this action, Plaintiffs, Patrick Simpson and his wife Melinda Simpson, each filed administrative claims pursuant to the procedures outlined in the FTCA. (R. 52-1, 52-2). Mr. Simpson's administrative claim asserted damages totaling $850,000.00 based upon property damage and personal injury. (R. 52-1). Ms. Simpson claimed damages in the amount of $250,000.00 for

loss of consortium resulting from her husband's injuries. (R. 52-2). Thus, the total amount of damages claimed in the administrative proceedings was $1,100,000.00.

After exhausting their administrative remedies, Plaintiffs filed their Complaint with this Court on December 12, 2012, naming Arthur Kitchens and the United States as Defendants. (R. 1). On January 28, 2013, the parties filed an Agreed Order of Partial Dismissal (R. 13) dismissing Plaintiffs' claims against Defendant Arthur Kitchens.[1] Plaintiffs tendered their first Amended Complaint on February 6, 2013. (R. 15). The First Amended Complaint, naming the United States as the only Defendant, asserts damages in an amount equal to that sought in the original Complaint and administrative claims, and also states that on January 22, 2013, Mr. Simpson underwent the first in a series of anticipated surgeries. (R. 15, at 3).

Plaintiffs now move for leave to amend their Complaint for a second time. (R. 48). The proposed Second Amended Complaint now seeks $3,188,665.00 in damages, nearly three times the amount claimed previously. (R. 48-1, at 4). Plaintiffs allege that Mr. Simpson's condition has worsened and he must undergo a second, more complicated spinal surgery. (*Id.*). Further, the proposed Second Amended Complaint notes that there is potential for Mr. Simpson to need additional surgeries thereafter. (*Id.*). The United States opposes Plaintiffs' proposed amendment and argues that Plaintiffs' damages must be limited to the amount set forth in their administrative claims. The matter is ripe for consideration.

**Discussion**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleadings once as a matter of course at any time before the responsive pleading is served. After the responsive pleading

---

[1] The Court entered the parties' Agreed Order of Dismissal on January 29, 2013. (R. 14).

has been served, Rule 15(a)(2) permits a party to file an amended pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Since Plaintiffs have already amended their pleadings once and Defendant opposes Plaintiffs' proposed further amendments, the Court's leave is required. Furthermore, the deadline to request leave to amend pleadings expired on May 11, 2013.[2] (*See* R. 18).

Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 943 (6th Cir. 2004). Whether this is an instance where "justice so requires" is, of course, the subject of the parties' dispute; but ultimately, it is a question "committed to the district court's sound discretion." *See Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citations omitted).

Here, Plaintiffs request leave to amend their Complaint so that they may seek additional relief for Mr. Simpson's worsening condition and need for a second spinal surgery. (R. 48-2, at 2). The proposed Second Amended Complaint increases the demand amount from a combined total of $1,100,000.00 previously sought in their administrative claims and earlier pleadings to $3,188,665.00, an increase of over $2,000,000.00. (R. 48-1, at 4).

In support of their proposed amendment, Plaintiffs argue they should be permitted to seek damages that exceed the amount of their administrative claims in light of newly-discovered intervening facts. (R. 48-2, at 1). They claim Mr. Simpson's condition began to improve after his first surgery, but his pain subsequently returned and his treating orthopedic surgeon recommended a second spinal surgery. (*Id.* at 1-2). Defendant contends Plaintiffs have not made a sufficient

---

[2]The Court adopted the parties' proposed deadlines during the June 5, 2013, Docket Call. (R. 23).

showing that intervening facts justify allowing a nearly three-fold increase in damages. (R. 51, at 5). Specifically, Defendant asserts Plaintiffs' own records show they reasonably anticipated the need for Mr. Simpson to undergo surgery at some point in the future. (*Id.*).

Whether under the FTCA Plaintiffs may now seek damages that exceed those sought in their administrative claims depends upon whether Mr. Simpson's subsequent condition and surgeries constitute newly-discovered evidence or intervening facts. The FTCA directly addresses the issue of when damages that exceed the sum presented in an administrative claim are permitted. The relevant section of the FTCA provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).

A plaintiff bears the burden to show that the increased amount is justified by newly discovered evidence or intervening facts. *Allgeier v. United States*, 909 F.2d 869, 877 (6th Cir. 1990). "To meet this burden, a plaintiff must show that the new evidence or intervening fact was not reasonably capable of detection at the time the administrative claim was filed. The plaintiff is required to demonstrate that the new information could not have been discovered through the exercise of reasonable diligence." *Norrell v. United States*, No. 1:00-CV-303, 2002 WL 32060141, at *3 (E.D. Tenn. Aug. 1, 2002); *Nationwide Mut. Ins. Co. v. United States*, No. 1:05cv574, 2007 WL 782157, at *2 (S.D. Ohio Mar. 13, 2007) (quoting *Norrell*, 2002 WL 32060141, at *3).

The Sixth Circuit has adopted a strict interpretation of what constitutes an "intervening fact," requiring that it be unexpected or unforeseen. *Allgeier*, 909 F.2d at 878. A strict interpretation

4

ensures "that the federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the government's potential liability." *Id.* (quoting *Low v. United States*, 795 F.2d 466, 470-71 (5th Cir. 1986)). Additionally, the Sixth Circuit's strict interpretation is consistent with the principle that there should be strict compliance with statutes waiving the United States' sovereign immunity. *Id.*

The factual circumstances in this case are similar to those in *Kirk v. United States*, No. 1:05-CV-112, 2006 WL 1459867 (W.D. Mich. May 25, 2006). In *Kirk*, the plaintiff was injured after she was involved in an automobile accident with an employee of the United States Army. *Id.* at *1. The plaintiff filed an administrative claim alleging damages in the amount of $167,398.96. *Id.* After filing her administrative claim, the plaintiff underwent surgery on her cervical vertebrae. *Id.* Ultimately, the plaintiff filed suit and sought an additional $240,000.00 in damages in excess of the amount in her administrative claim, citing to her subsequent need for surgery. *Id.* The issue before that court was whether plaintiff's damages were limited to those asserted in the administrative claim. *Id.* at *1.

Applying *Allgeier*, the court held that the plaintiff's subsequent surgery was not an intervening fact that would support a claim for damages exceeding the amount in the administrative claim. *Id.* at *3-4. At the time the administrative claim was filed, plaintiff was aware that her treatment options included surgery. *Id.* at *4. Even though plaintiff initially chose more conservative treatment options, the court held that her eventual need to undergo surgery was reasonably foreseeable. *Id.* at *3-4.

In the instant case, Mr. Simpson attached to his administrative claim a medical report created by his orthopaedic surgeon. (R. 52-3). Mr. Simpson's surgeon states in this report, "I do not

5

anticipate surgery at this point in time, but it certainly may be a consideration depending upon how [Mr. Simpson] responds to these more conservative treatments." (*Id.* at 2). Like the plaintiff in *Kirk*, Mr. Simpson's need for surgery was reasonably foreseeable at the time the administrative claim was filed in light of his orthopedic surgeon's medical report.

Furthermore, when filing an administrative claim, a plaintiff is responsible for determining "the worst-case scenario, or if uncertain, to paint the picture as bleakly as reason permits and conscience allows." *Davidson v. U.S. Dep't of Health & Human Servs.*, No. 7:06-129, 2007 WL 2071778, at *4 (E.D. Ky. July 19, 2007) (quoting *Reilly v. United States*, 863 F.2d 149,173 (1st Cir. 1988)). Thus, Plaintiffs here were charged with determining the worst-case scenario for Mr. Simpson's injuries at the time they filed their administrative claims.

Moreover, the original Complaint provides that surgery had been scheduled and was imminent. (R. 1, at ¶ 9). Additionally, at the time Plaintiffs filed their First Amended Complaint, Mr. Simpson was aware that additional surgeries were contemplated. The First Amended Complaint states that Mr. Simpson "is diagnosed with having several bulging discs and the diagnostic testing and examinations are continuing. The first in a series of anticipated surgeries was performed on or about January 22, 2013." (R. 15, at ¶ 10). Importantly, the damages sought in both the original and First Amended Complaint were equal to the damages claimed in the underlying administrative proceedings. (*Id.* at ¶ 14). The First Amended Complaint demonstrates that Plaintiffs anticipated Mr. Simpson would need to undergo subsequent surgeries. Plaintiffs' use of the word "series" indicates that more than one subsequent surgery was anticipated.

Courts outside the Sixth Circuit have reached the same conclusion in similar circumstances. For example, in *Robison v. United States*, the court held that the plaintiff knew or reasonably should

have known about the possibility of future surgery because the plaintiff's physician advised him about such possibility. 746 F. Supp. 1059, 1064 (D. Kan. 1990). The court explained that it is not unfair to require a plaintiff to inquire about the full consequences of his injury prior to filing an administrative claim. *Id.* Thus, the court held that the plaintiff's damages were limited to the amount of his administrative claim. *Id.*; *see also Reilly*, 863 F.2d at 172 (holding new information on the extent of plaintiff's injuries was not sufficiently new or unforeseen to constitute newly-discovered evidence under the FTCA).

Plaintiffs argue that their case is similar to *Allgeier* because Mr. Simpson's condition worsened and his need for a second surgery is new information that was not reasonably discoverable at the time Plaintiffs filed their administrative claims. (R. 48-2, at 2). The plaintiff in *Allgeier* underwent one knee surgery prior to filing her administrative claim, and her physician indicated that the surgery was successful. *Allgeier*, 909 F.2d at 878-79. The court noted that the plaintiff may have been led to believe that her injuries were cured. *Id.* After she filed her administrative claim, the plaintiff's condition deteriorated significantly for over a year and a half, and ultimately, she underwent a second surgery. *Id.* at 879. The Sixth Circuit held, "because of the relative improvement in [plaintiff's] condition immediately before the administrative claim was filed and the significant worsening of her condition well over a year later, the need for a second operation and extensive additional treatment was not reasonably foreseeable at the time the administrative claim was filed." *Id.*

Unlike the plaintiff in *Allgeier*, Plaintiffs here have presented no evidence that Mr. Simpson's condition improved before the administrative claim was filed or that his condition significantly worsened at a later point in time. In *Norrell*, the court denied the plaintiff's motion for leave to

7

amend where, prior to filing an administrative claim, the plaintiff presented no probative evidence that "his condition and injury had improved to the extent that his physician expressed an opinion that he was largely cured and the medical prognosis was for a full recovery without surgery." 2002 WL 32060141, at *3. The same is true here. The little evidence before the Court, which was provided by Defendant, demonstrates Plaintiffs were aware surgery was a possibility and Mr. Simpson's prognosis for a full functional recovery was poor at the time of the administrative claim. (R. 52-3, at 2).

In sum, Plaintiffs have not established that they should be permitted under the FTCA to seek damages in an amount exceeding those sought in their administrative claim. Plaintiffs have not shown that Mr. Simpson's need for future surgeries was not reasonably discoverable or foreseeable at the time Plaintiffs filed their administrative claims. Thus, Plaintiffs have not met their burden of demonstrating that there is adequate newly-discovered evidence or sufficient intervening facts under the statute. Accordingly, amendment of Plaintiffs' Complaint to seek additional damages is not appropriate.

Defendant also argues that Plaintiffs should be denied leave to amend their Complaint because the United States would be unduly prejudiced by an amendment at this point in the litigation. (R. 51, at 7). The Government states that it would suffer prejudice in light of the expiration of expert witness deadlines and the imminent expiration of the discovery deadline. (*Id.* at 7-8). In light of the Court's decision that amendment is not appropriate under the statutory language of the FTCA, the Court need not consider whether amendment must be rejected because the United States would suffer undue prejudice.

**Conclusion**

For the reasons stated above, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Leave to File an Amended Complaint Instanter (R. 48) be **denied.**

Also, upon disposition of this Report and Recommendation by the presiding District Judge, the Clerk of Court is instructed to submit the file to the undersigned to take up the current case schedule presently held in abeyance. (*See* R. 55).

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another's objections within **fourteen (14) days** of being served with those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 4th day of June, 2014.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\Orders\civil cov\2012\12-258 mtn to amend complaint.wpd