IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

Civil Action No. 2:12-cv-258 (WOB-CJS)

PATRICK SIMPSON, ET AL.                                           PLAINTIFFS

VS.                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA.                                          DEFENDANT

This matter is before the Court on Defendant's motion to amend findings of fact and conclusions of law (Doc. 137), Plaintiffs' response thereto (Doc. 139), and Defendant's reply (Doc. 142).[1] Also before the Court is Defendant's motion to alter or amend (Doc. 138), Plaintiffs' response thereto (Doc. 140), and Defendant's reply (Doc. 141).[2] The Court concludes that oral argument is unnecessary to the resolution of these motions. As explained below, both motions will be granted in part and denied in part.

**II.   DEFENDANT'S MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In this motion (Doc. 137), and pursuant to Federal Rule of Civil Procedure 52(b), Defendant makes a whole host of arguments in asking the Court to amend several paragraphs of its Findings of Fact, Conclusions of Law, and Order (Doc. 132) and the Judgment entered concurrently therewith (Doc. 133). Each of these arguments and their merit are addressed below, and as will be explained, this motion will be granted in part and denied in part.

---

[1] Defendant also filed a supplemental memorandum in support of its motion (Doc. 146), to which Plaintiffs filed a response (Doc. 149), and Defendant filed a reply (Doc. 151)

[2] Defendant also filed a supplemental memorandum in support of its motion (Doc. 147), to which Plaintiffs filed a response (Doc. 148), and Defendant filed a reply (Doc. 150).

### A. Paragraph 2 of the Findings of Fact

First, Defendant argues that Paragraph 2 of the Findings of Fact should be amended to reflect that Mr. Simpson's vehicle struck the vehicle being operated by Defendant's employee, Arthur Kitchens. (Doc. 146 at 1-2). Paragraph 2, in its present form, states "Plaintiff Patrick Simpson was injured on June 7, 2011, when the automobile he was operating was struck by an automobile being operated by Defendant's employee, Arthur Kitchens." (Doc. 132 at 2).

Based on the trial evidence, and because the Court in another paragraph of the Findings of Fact section, namely Paragraph 18 (Doc. 132 at 4), found that Mr. Kitchen's vehicle was stopped when the collision occurred, the Court concludes that an amendment to Paragraph 2 is proper. To this end, Paragraph 2 of the Findings of Fact (Doc. 132 at 2) is amended to read as follows:

> 2. Patrick Simpson was injured on June 7, 2011, when the automobile he was operating was involved in a collision with an automobile being operated by Defendant's employee, Arthur Kitchens.

However, it should be noted that this amendment is merely a matter of semantics and has no bearing on the Court's ultimate finding that Mr. Kitchen's was 100% at fault in causing the collision. Indeed, this Court, both in its Findings of Fact and its ruling from the bench, clearly found that Mr. Kitchen's negligence was the sole, proximate cause of the collision. (Doc. 132 at 4; Doc. 144 at 123).

### B. Paragraphs 14, 16, and 19 of the Findings of Fact

Defendant next argues that Paragraphs 14, 16, and 19 of the Findings of Fact should be amended. (Doc. 146 at 3-4). As explained below, the Court will only grant Defendant's request to amend Paragraph 19.

First, regarding Paragraph 14, Defendant argues that it should be amended and the Court should strike its finding that Mr. Kitchens saw approaching vehicles approximately 80 yards away. (Doc. 146 at 3-4). However, because the Court, as the trier of fact, correctly made this inference based upon the trial evidence, no amendment is warranted.

Mr. Kitchens consistently testified at trial that before pulling out of the Rally's driveway, he looked to his left and saw oncoming traffic in the northbound lanes of Industrial Road. (Doc. 143 at 95, 96, 99, 100, 108, 123). Relying on this evidence, the Court found that one of those approaching vehicles would have had to have been Mr. Simpson's vehicle. (Doc. 144 at 123). Further, based on this finding, and on Mr. Simpson's testimony regarding the distance of the hill being approximately 100 yards away, the Court then correctly found that the oncoming traffic that Mr. Kitchens saw before pulling out of the driveway (again, that traffic included Mr. Simpson's vehicle) would have had to have been closer than 100 yards and would have been roughly 80 yards away. *Id*. Thus, the Court's inference was proper and Defendant's request to amend Paragraph 14 of the Findings of Fact is denied.

Regarding Paragraph 16 of the Findings of Fact, Defendant asks that it be amended so that the Court should strike its finding that there were oncoming vehicles at a distance of approximately 80 yards. (Doc. 146 at 3-4). For the same reasons stated above regarding Paragraph 14 of the Findings of Fact, the Court denies Defendant's request to amend Paragraph 16.

Finally, regarding Paragraph 19 of the Findings of Fact, Defendant argues that the second sentence of this paragraph should be amended and the Court should strike its finding that Mr. Kitchens testified that he saw oncoming traffic approximately 80 yards away. (Doc. 146 at 3-4). Defendant's request shall be granted to the extent stated below. While the Court correctly

inferred that Mr. Kitchens saw oncoming traffic at a distance of approximately 80 yards, Defendant is correct that Mr. Kitchens, *himself*, never testified to the same. Therefore, the second sentence of Paragraph 19 of the Findings of Fact (Doc. 132 at 4) is amended to read as follows:

> 19. Because 1.5 times miles per hour equals approximate feet per second, and because Mr. Kitchens testified that he saw oncoming traffic in the north bound lanes of Industrial Road (again, the Court finds that one of these oncoming vehicles was Mr. Simpson's and that it was approximately 80 yards away) before he pulled out of the Rally's driveway, the Court finds that Mr. Simpson would have reached the point of collision at about the time Mr. Kitchen's made his unanticipated stop in the far left hand (north bound) traffic lane.

### C. Paragraphs 14 and 15 of the Findings of Fact

Defendant next requests that Paragraphs 14 and 15 of the Findings of Fact be amended to strike any reference to Mr. Kitchens seeing Mr. Simpson's vehicle prior to the collision. (Doc. 146 at 4-5). For the same reasons stated above in Section I(B) regarding the Court's denial of Defendant's requested amendments to Paragraphs 14 and 16 of the Findings of Fact, this request is similarly denied.

### D. Paragraph 19 of the Findings of Fact

Next, Defendant requests that Paragraph 19 of the Findings of Fact be amended to apportion fault between Mr. Simpson and Mr. Kitchens. (Doc. 146 at 5-9). In doing so, Defendant argues that the Court incorrectly concluded that Mr. Kitchens was 100% at fault. With this argument Defendant is attempting to relitigate already decided issues, which is improper via a Rule 52(b) motion. *Leasure v. AA Advantage Forwarders*, No. 5:03-CV-181-TBR, 2009 WL 1883907, at *1 (W.D. Ky. June 30, 2009). Contrary to Defendant's assertions

and based on the trial evidence, the Court correctly concluded that Mr. Kitchens was 100% at fault. Thus, because no amendment to Paragraph 19 is warranted, Defendant's request is denied.

### E.      Paragraphs 13-19 of the Conclusions of Law and Order

Defendant next argues that the Court should reduce the dollar amounts of all categories of damages awarded to Plaintiffs via amendments to Paragraphs 13 through 19 of the Conclusions of Law and certain sections of the accompanying Order. (Doc. 146 at 9-10). This argument is dependent upon Defendant's argument discussed in Section I(D) that Paragraph 19 of the Findings of Fact should be amended to apportion Fault between Mr. Simpson and Mr. Kitchens. Thus, because the Court has rejected this argument, the Court similarly denies Defendant's request to reduce awards for damages via amendments to Paragraphs 13 through 19 of the Conclusions of Law and certain sections of the accompanying Order.

### F.      Paragraph 12 of the Conclusions of Law

Defendant then argues that Paragraph 12 of the Conclusions of Law should be amended to limit Mr. Simpson's recovery to $827,000. (Doc. 146 at 10). Defendant is correct and the Court will grant Defendant's request. Paragraph 12, in its current form, states that Mr. Simpson's recovery is limited to $850,000, the amount stated in his administrative claim. (Doc. 132 at 7). However, before trial the Court previously declared Mr. Simpson's property damage claim ($23,000) moot, because he stipulated that his insurer had fully compensated him for property damage to his vehicle. Thus, Paragraph 12 of the Conclusions of Law (Doc. 132 at 7) is amended to read as follows:

> 12. Mr. Simpson's recovery from the United States is limited to $827,000, the amount of his total administrative claim ($850,000) less the amount of his property damage claim ($23,000), which has previously been paid in full to Mr. Simpson by his insurer. Mrs.

>Simpson's recovery from the United States is limited to $250,000, the amount stated in her administrative claim.

It should be noted, however, that this amendment, while technically accurate, has no bearing upon the final outcome of Mr. Simpson's total award. Mr. Simpson was not awarded $850,000; rather, he was awarded $760,871.68, none of which was for his property damage claim.

### G. Paragraph 14 of the Conclusions of Law

This issue involves Paragraph 14 of the Conclusions of Law, and specifically, the Court's calculation and awarding of Mr. Simpson's damages for lost wages, that award totaling $61,208. Defendant argues on three separate grounds why this award should be reduced and/or recalculated. These arguments and their merits are discussed in turn below.

#### 1. Plaintiffs' Failure to Supplement

Defendant first argues that the amount of this award is improper and should be reduced, because Plaintiffs requested a greater amount for lost wages at trial than that which was listed in their Pretrial Memorandum, without supplementing this request before trial. (Doc. 137-1 at 5-7). Specifically, in their Pretrial Memorandum Plaintiffs submitted an itemized list of special damages that listed lost wages of $56,708.43. However, at trial, and without providing supplemental documentation beforehand, Plaintiffs requested – and the Court ultimately awarded – lost wages in the amount of $61,208. Defendant argues that Plaintiffs' failure to supplement this enhanced request for lost wages violated both the Court's Pretrial Order and the Federal Rules of Civil Procedure. Accordingly, Defendant requests the Court amend Paragraph 14 of the Conclusions of Law and award Mr. Simpson $56,708.43 for lost wages, which is consistent with the amount requested in Plaintiffs' Pretrial Memorandum.

The Court will grant Defendant's request and amend Paragraph 14 of the Conclusions of Law by reducing Mr. Simpson's award for lost wages from $61,208 (the amount requested at trial) to $56,708.43 (the amount requested in their Pretrial Memorandum). Plaintiffs' failure to provide supplemental documentation disclosing their enhanced claim for lost wages at trial, a claim that was $4,499.57 more than the claim made in their Pretrial Memorandum, violated the disclosure and duty to supplement rules enumerated in Fed. R. Civ. P. 26(a) and (e). Per Fed. R. Civ. P. 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." There is no evidence that Plaintiffs' failure to supplement their increased request for lost wages at trial was substantially justified or harmless. Thus, at trial, Plaintiffs' request for lost wages should have been limited to the amount requested in their Pretrial Memorandum, $56,708.43.

### 2. Plaintiffs' Proof

Second, Defendant requests that the Court recalculate Mr. Simpson's award for lost wages, because, per Defendant, Mr. Simpson failed to present reasonable proof of both the fact of lost wages and amounts of loss realized. (Doc. 146 at 10-12). Defendant is again attempting to relitigate an already decided issue. After hearing all of the testimony and reviewing all of the evidence, the Court correctly found that Mr. Simpson had sufficiently proved his claim for lost wages. Therefore, Defendant's request is denied.

### 3. Future Damages

Finally, Defendant argues that Mr. Simpson's award for lost wages and lost overtime should be recalculated, because that amount contains compensation for future damages, which the parties previously stipulated were zero $0.00. (Doc. 146 at 12-13 (citing Doc. 101-1 at 2)).

According to Defendant, this stipulation, which was made on February 25, 2016, barred recovery for any damages after August 25, 2014, the date on which Mr. Simpson's doctor cleared him to return to work full-duty, full-time, and without any restrictions. (Doc. 146 at 12). Relying on this interpretation of that stipulation, Defendant then points out that Plaintiffs' Exhibit 14 noted lost wages and overtime for three dates after August 25, 2014 – namely, September 5, 2014, October 2, 2014, and January 8, 2015. According to Defendant, any requested damages for these dates would be future damages, and thus, would be in violation of the parties' joint stipulation. On the other hand, Plaintiffs assert that the stipulation regarding future damages meant there were no damages being claimed for any dates after the date upon which the stipulated was entered, February 25, 2016.

The Court denies Defendant's request to recalculate Mr. Simpson's award for lost wages based on this argument. With no definition regarding what constitutes future damages the Court is left only to interpret the stipulation based on its plain language. In doing so, the best interpretation supports Plaintiffs' assertions regarding the meaning of the stipulation, i.e., that the parties agreed that future damages after the date that the stipulation was made, February 25, 2016, are zero $0.00. If Defendant's intent in making this stipulation was to use August 25, 2014, as a cut-off date for future damages, Defendant should have included that date in the stipulation itself.

### 4.   Summary of Amendments to Paragraph 14

In sum, regarding Mr. Simpson's award for lost wages, Defendant's motion to amend Paragraph 14 of the Conclusions of Law shall be granted in part, but only to the extent that Mr. Simpson's awarded lost wages will be reduced from $61,208 to $56, 708.43. Thus, Paragraph 14 of the Conclusions of Law (Doc. 132 at 7) is amended to read as follows:

> 14. The Court concludes that a fair award for Mr. Simpson's damages for lost wages, given other cases of which the Court is aware, is $56,708.43.

### H. Paragraph 15 of the Conclusions of Law

This issue involves Paragraph 15 of the Conclusions of Law, and specifically, the Court's calculation and awarding of Mr. Simpson's damages for out-of-pocket expenses, that award totaling $8,951.86. Defendant argues on three separate grounds – these arguments being identical in nature to Defendant's arguments regarding Mr. Simpson's award for lost wages – why this award should be reduced and/or recalculated. These arguments and their merit are discussed in turn below.

#### 1. Plaintiffs' Failure to Supplement

Defendant first argues that the amount of this award is improper and should be reduced, because Plaintiffs requested a greater amount for out-of-pocket expenses at trial than that which was listed in their Pretrial Memorandum, without supplementing this request before trial. (Doc. 137-1 at 8-11; Doc. 146 at 13-17). Specifically, in their Pretrial Memorandum Plaintiffs submitted an itemized list of special damages that listed out-of-pocket expenses of $3,821.61. However, at trial, and without providing supplemental documentation beforehand, Plaintiffs requested – and the Court ultimately awarded – out-of-pocket expenses in the amount of $8,951.86. Defendant argues that Plaintiff's failure to supplement this enhanced request violated both the Court's Pretrial Order and the Federal Rules of Civil Procedure. Accordingly, Defendant requests the Court amend Paragraph 15 of the Conclusions of Law and award Mr. Simpson $3,821.61 for out-of-pocket expenses, consistent with the amount requested in Plaintiffs' Pretrial Memorandum.

For the same reasons stated above in Section I(G)(1) regarding the requested reduction of Mr. Simpson's award for lost wages, the Court will grant Defendant's request and amend Paragraph 15 of the Conclusions of Law by reducing Mr. Simpson's award for out-of-pocket expenses from $8,951.86 (the amount requested at trial) to $3,821.61 (the amount requested in their Pretrial Memorandum).

### 2. Plaintiffs' Proof

Second, Defendant argues that the Court should recalculate Mr. Simpson's award for out-of-pocket expenses, because Mr. Simpson failed to prove that these expenses were causally related to his injuries from the June 7, 2011 accident. (Doc. 146 at 17-18). Defendant is again attempting to relitigate an already decided issue. Thus, for the same reasons stated above in Section I(G)(2) regarding the requested recalculation of Mr. Simpson's award for lost wages, the Court will deny this request to recalculate Mr. Simpson's award for out-of-pocket expenses.

### 3. Future Damages

Finally, and based on the same argument regarding Mr. Simpson's award for lost wages, Defendant argues that Mr. Simpson's award for out-of-pocket expenses should be recalculated, because the awarded amount contains compensation for future damages, which the parties previously stipulated were zero $0.00. (Doc. 146 at 17). For the same reasons stated above in Section I(G)(3) regarding Mr. Simpson's award for lost wages, the Court will deny this request to recalculate Mr. Simpson's award for out-of-pocket expenses.

### 4. Summary of Amendments to Paragraph 15

In sum, regarding Mr. Simpson's award for out-of-pocket expenses, Defendant's motion to amend Paragraph 15 of the Conclusions of Law shall be granted in part, but only to the extent that Mr. Simpson's awarded out-of-pocket expenses will be reduced from $8,951.86 to

$3,821.61. Thus, Paragraph 15 of the Conclusions of Law (Doc. 132 at 8) is amended to read as follows:

> 14. The Court concludes that a fair award for Mr. Simpson's damages for lost wages, given other cases of which the Court is aware, is $3,821.61.

## II. DEFENDANT'S MOTION TO ALTER OR AMEND

In this motion (Doc. 138), and pursuant to Federal Rule of Civil Procedure 59(e), Defendant makes several arguments in asking the Court to alter or amend its Order (Doc. 132) and Judgment filed concurrently therewith (Doc. 133). Each of these arguments are addressed below, and as will be explained, this motion will be granted in part and denied in part.

### A. Prejudgment Interest

First, the Court will grant Defendant's request to amend the Order and Judgment so as to eliminate all awards of prejudgment interest. As Plaintiffs concede (Doc. 140 at 2), prejudgment interest is not recoverable against the United States in a Federal Tort Claims Act case such as this one. 28 U.S.C. § 2674. Therefore, Paragraph 4 of the Court's Order (Doc. 132 at 9) is amended to eliminate all awards of prejudgment interest. A separate amended judgment eliminating the same will be filed concurrently herewith.

### B. Post-judgment Interest

Second, the Court will grant Defendant's request to amend the Order and Judgment as they relate to Plaintiffs' awards of post-judgment interest. As Plaintiffs concede (Doc. 140 at 2) and consistent with applicable law, Paragraph 4 of the Order (Doc. 132 at 9) is amended to read as follows:

> (4) Plaintiffs may only recover post-judgment interest if the United States unsuccessfully appeals the Court's judgment in this matter

and if Plaintiffs comply with the conditions outlined in 31 U.S.C. § 1304(b)(1)(A).

A separate amended judgment reflecting the same will be filed concurrently herewith.

### C. Lost Wages and Out-of-pocket Expenses

As in its motion to amend findings of fact and conclusions of law, in this motion, Defendant also requests that the Court alter or amend the Order and Judgment by reducing the Court's award of damages for Plaintiff Patrick Simpson's lost wages and out-of-pocket expenses. Regarding these issues as they appear in this motion, Defendant offers no additional argument other than to "[f]ully incorporate all of its arguments from its Memorandum in Support of Defendant's Motion to Amend Findings of Fact and Conclusions concerning this issue." (Doc. 138-1 at 5). Thus, for the same reasons stated above in Sections I(G)(1) and (2), and to the extent stated in those sections, the Court will grant in part and deny in part Defendant's motion to alter or amend the Order and Judgment as it relates to Mr. Simpson's awards for lost wages and out-of-pocket expenses.

Therefore, having heard the parties, and the Court being otherwise advised,

**IT IS ORDERED** that:

(1) Defendant's motion to amend findings of fact and conclusions of law (Doc. 137) be, and is hereby, **GRANTED IN PART** and **DENIED IN PART**, in accordance with this memorandum opinion and order. To the extent that the findings of fact, conclusions of law, and order (Doc. 132) is in conflict with this memorandum opinion and order, the latter shall control.

(2) Defendant's motion to alter or amend (Doc. 138) be, and is hereby, **GRANTED IN**

**PART** and **DENIED IN PART**, in accordance with this memorandum opinion and order.  To the extent that the findings of fact, conclusions of law, and order (Doc. 132) is in conflict with this memorandum opinion and order, the latter shall control.

(3) In accordance with the above reductions to Mr. Simpson's awards for damages for lost wages and out-of-pocket expenses, Mr. Simpson's total award – as stated in Paragraph 17 of the Conclusions of Law (Doc. 132 at 8) and Paragraph 2 of the Order (Doc. 132 at 8) – be, and is hereby, **AMENDED** and **REDUCED** from $760,871.68 to **$751,241.86**.

(4) A separate, amended judgment shall be filed concurrently herewith.

This 29th day of July, 2016.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge